**GARCIA HERNÁNDEZ SAWHNEY, LLP**
Geoffrey T. Tong (SBN 140312)
  gtong@ghslaw.com
Stephanie S. Ho (SBN 306109)
  sho@ghslaw.com
330 N. Brand Blvd., Suite 680
Glendale, California 91203
Tel: (213) 347-0210
Fax: (213) 347-0216

*Attorneys for Plaintiff-in-Interpleader*
STATE FARM LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE FARM LIFE INSURANCE COMPANY, an Illinois corporation,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>AMADA MATIAS RAYO, an individual; JULIA NAVARRO, an individual; and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR INTERPLEADER** |

Plaintiff-in-Interpleader State Farm Life Insurance Company ("State Farm"), by and through its undersigned counsel, hereby submits its Complaint for Interpleader ("Complaint") against Defendants Amada Matias Rayo, Julia Navarro, and DOES 1 through 10, and each of them, as follows:

## **THE PARTIES**

1. State Farm does not have a financial interest in the outcome of the litigation, but rather seeks to deposit into the registry of the Court all sums due and owing under the life insurance policy that insured the life of Jorge Navarro. State

Farm was and is a corporation duly organized and existing under law of the State of Illinois, with its principal place of business in Bloomington, Illinois, at all times material hereto. State Farm is authorized to transact and is transacting in the business of insurance in the State of California.

2. State Farm is informed and believes, and thereon alleges that Defendant Amada Matias Rayo, an individual, resides in the County of Orange.

3. State Farm is informed and believes, and thereon alleges that Defendant Julia Navarro, an individual, resides in the County of Los Angeles.

4. State Farm is presently unaware of the true names of the Defendants identified in the Complaint under the fictitious names DOES 1-10. Upon information and belief, DOES 1-10 have competing claims to the life insurance proceeds at issue in this action. State Farm will amend this Complaint to identify the names of the DOE defendants as they are discovered.

## JURISDICTION AND VENUE

5. This Complaint is brought pursuant to 28 U.S.C. § 1332 and Rule 22 of the Federal Rules of Civil Procedure.

6. Jurisdiction is proper in this matter because there is complete diversity between the parties, and the amount in controversy exceeds $75,000.

7. State Farm is a corporation duly organized and existing under law of the State of Illinois and is a citizen of the State of Illinois. State Farm's board and high-level officers direct, control, and coordinate the corporation's activities from its principal place of business in Bloomington, Illinois.

8. State Farm is informed and believes, and thereon alleges that Defendant Amada Matias Rayo is a citizen of the State of California, residing in Anaheim, California.

9. State Farm is informed and believes, and thereon alleges that Defendant Julia Navarro is a citizen of the State of California, residing in Pasadena, California.

10. The amount in controversy is more than $75,000 because the life insurance policy at issue (Policy No. LF-3860-2475) has a death benefit of approximately $100,004.04.

11. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1397, which provides that any civil action of interpleader may be brought in the judicial district in which one or more of the claimants reside. This action is filed in the Central District of California because all Defendants reside in this judicial district.

## CLAIM FOR RELIEF
(Against All Defendants)

12. State Farm re-alleges Paragraphs 1 through 11 above and incorporates the same as though fully set forth herein.

13. On or around June 13, 2019, Jorge Navarro (the "Insured") became the owner of a State Farm "Select Term-20" life insurance policy, Policy No. LF-3860-2475 (the "Policy") with a $100,000.00 death benefit. In this application, the Insured designated his sibling, Julia Navarro, as the primary and only beneficiary.

14. In or around June of 2022, the Insured and Amada Matias Rayo were married while the Insured was hospitalized.

15. According to medical records, the Insured was discharged from the hospital on June 29, 2022.

16. On or around July 5, 2022, the primary and only beneficiary was updated to be his spouse, Amada Matias Rayo. Pages of the beneficiary request letter were missing and needed to be requested. After, State Farm processed the Insured's Change of Beneficiary request on or around July 19, 2022.

17. On or around August 9, 2022, the Insured passed away.

18. On or around August 10, 2022, State Farm was notified of the Insured's death. State Farm spoke with Julia Navarro and notified her that she was not the

primary beneficiary. State Farm engaged in adverse claimant handling from August of 2022 when Julia Navarro contested the change in beneficiary.

19. On or around September 7, 2022, Julia Navarro provided a letter stating that the Insured was not capable of executing a change of beneficiary in July of 2022 because he was not in the right frame of mind.

20. In September of 2022, State Farm spoke to a local agent while investigating the claim, who stated that in August, the daughter of Amada Matias Rayo called their office wanting a change of beneficiary form. She indicated that the Insured could not speak so she was calling for him. The agent sent a blank beneficiary form to the Insured's email address.

21. On or around November 8, 2022, Julia Navarro followed up by submitting medical records to State Farm.

22. Amada Matias Rayo has executed the claim forms multiple times. She has also stated through her son her continued insistence that the policy's death benefit should be paid to Amada.

23. State Farm continued to correspond with the competing claimants to request information and documents necessary to diligently review and investigate whether Julia Navarro had a colorable adverse claim to the Policy's death benefit. On or around December 28, 2022, State Farm called Amada Matias Rayo's son and sent follow up letters to both Amada Matias Rayo and Julia Navarro to explain that because no agreement was reached, an Interpleader would be filed for the court to decide who would be the correct beneficiary.

24. State Farm has been at all times and is now ready, willing, and able to pay these proceeds to the person(s) legally entitled thereto. However, there are competing and colorable claims between the Defendants over the Policy's death benefit.

25. State Farm is unaware of the existence of any other life insurance policies that may have been owned by the Insured. Upon information and belief, it

appears that the Policy was the only active life insurance policy owned by the Insured when he passed away.

26. For the foregoing reasons, each and all of the Defendants have competing and colorable claims to the Policy's death benefit.

27. Due to these competing claims, State Farm does not know and cannot determine to whom the life insurance proceeds should rightfully be paid or how the life insurance proceeds should be divided (if at all) between the competing claimants. State Farm cannot determine which Defendant(s) is/are legally entitled to the life insurance proceeds without hazard to itself and without assuming the responsibility of determining uncertain questions of law and fact. Further, payment of such proceeds to any one of the named Defendants at this time would subject State Farm to the risk of multiple and/or inconsistent liabilities.

28. State Farm files this Complaint-in-Interpleader in good faith and without collusion with any of the parties hereto. State Farm has no interest in the life insurance proceeds, save and except as stakeholder.

29. State Farm has deposited or will deposit the proceeds due under the life insurance policy along with interest with the clerk of this Court. As of February 10, 2023, the total death benefit amount is approximately $101,285.29.

30. State Farm had to retain the services of counsel in California to protect its interests arising from the claims and potential claims associated with the Policy, as described above, and will be called upon to pay its attorneys for the services rendered by them with respect thereto. Additionally, State Farm will be compelled to incur costs in the prosecution of this action. Such attorneys' fees and costs are and should be a legal charge upon the disputed stake, and the same should be paid to State Farm out of the monies deposited with this Court, or alternatively, as ultimately due to the rightful claimant.

# **PRAYER**

WHEREFORE, State Farm prays that this Court order, adjudge, decree, and declare as follows:

1. That this Court decree that the Complaint-in-Interpleader is properly filed and that this is a proper cause for interpleader;

2. That Defendants, and each of them, be ordered to interplead and settle or litigate among themselves their respective rights and claims to the proceeds under the Contract, including accrued interest, due and owing by reason of the death of the Insured;

3. That State Farm be released, discharged and forever acquitted of and from any and all liability of any kind or nature whatsoever to any of the parties hereto on account of the life insurance policy or the proceeds due and owing thereunder;

4. That State Farm be awarded its costs of suit incurred herein, including its reasonable attorneys' fees to be paid from the interpleaded funds; and

5. For such other and further relief as this Court may deem just and proper.

Dated: February 10, 2023        **GARCIA HERNANDEZ SAWHNEY LLP**

By: */s/ Geoffrey T. Tong*
Geoffrey T. Tong
Stephanie S. Ho
*Attorneys for Plaintiff-in-Interpleader*
STATE FARM LIFE INSURANCE COMPANY